UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-4929-CAS (PJWx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | ELIZABETH TOYER, ET AL. V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Not present | Natalie Panossian | |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** (filed , 2013)

**I.     INTRODUCTION & BACKGROUND**

Plaintiffs Elizabeth and Jack Toyer filed suit in the Ventura County Superior Court on February 16, 2011, against defendants JP Morgan Chase, N.A.; Washington Mutual Bank, F.A ("WaMu"); Federal Deposit Insurance Corporation ("FDIC"); Quality Loan Service Corporation; and Yasa Rasakhoo. Dkt. No. 1. In December 2011, plaintiffs filed a First Amended Complaint, and in March 2012, plaintiffs filed the operative Second Amended Complaint ("SAC") against the same defendants. Plaintiffs' SAC asserts claims for fraud, cancellation of grant deed and a deed of trust, to quiet title, and for injunctive relief.

On June 5, 2012, FDIC as Receiver for Washington Mutual Bank ("defendant") properly removed the case to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B), which allows the FDIC to remove any action in which it is named as a party. Dkt. No. 1. Defendant filed a motion to dismiss on November 20, 2012. Dkt. No. 9. Plaintiffs failed to oppose defendant's motion or appear at a hearing held on January 7, 2013. After an independent review of defendant's arguments and the record before it, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-4929-CAS (PJWx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | ELIZABETH TOYER, ET AL. V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

In addition, certain federal statutes require plaintiffs to exhaust administrative remedies as a prerequisite to filing suit in federal court. When the "plain language" of a statute requiring exhaustion is "sweeping and direct," exhaustion requirements are jurisdictional and cannot be waived. Weinberger v. Salfi, 422 U.S. 749, 765 (1975). These "jurisdictional" statutes mandating exhaustion of administrative remedies deprive the court of subject matter jurisdiction if the claim has not been properly presented to an administrative tribunal, and therefore dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate. See McCarthy v. F.D.I.C., 348 F.3d 1075, 1077-78 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV12-4929-CAS (PJWx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | ELIZABETH TOYER, ET AL. V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

**B.    The Financial Institutions, Reform, Recovery and Enforcement Act of 1989**

Consideration of subject matter jurisdiction in this case turns on the meaning of the Financial Institutions, Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), whereby Congress established a mandatory administrative claims process to "enable the federal government to respond swiftly and effectively to the declining financial condition of the nation's banks and savings institutions." Henderson v. Bank of New England, 986 F.2d 319, 320 (9th Cir. 1993); see 12 U.S.C. § 1821(d)(3)–(10). The procedures required under FIRREA for making a claim against a failed bank are set forth more fully below.

After the FDIC assumes the liabilities of a failed financial institution (becoming a "receiver"), the receiver then must provide notice of the claims process to all potential claimants by mail and publication. 12 U.S.C § 1821(d)(3)(B)(i)–(ii). Notice by mail need only be provided to creditors "shown on the [failed financial] institution's books" at the time of publication. Id. In any event, the notice provided must specify a deadline by which potential creditors must submit their claims to the receiver ("bar date") or risk forfeiture. Id. After a claim is submitted, the FDIC has 180 days to determine whether to allow or disallow the claim; if the claim is disallowed, the claimant may then seek administrative reconsideration or judicial review. 12 U.S.C. § 1821(d)(5)–(7); see Benson v. JPMorgan Chase Bank, N.A., 673 F.3d 1207, 1214 (9th Cir. 2012) (noting that FIRREA provides for judicial review after exhaustion of the administrative claims process).

In general, claims submitted after the bar date "shall be disallowed and such disallowance shall be final." Id. § 1821(d)(5)(C)(i). Notably, receipt of actual notice by the claimants of the need to file an administrative claim is not required. See Intercontinental Travel Mktg., Inc. v. F.D.I.C., 45 F.3d 1278, 1284–1286 (9th Cir. 1994) (finding that a negligent failure by FDIC to mail notice did not toll the barring of a claim); see also McCarthy, 348 F.3d at 1081 ("failure to give notice does not render the administrative claims process inapplicable"). However, courts have interpreted 12 U.S.C. § 1821(d)(5)(C)(ii) to contain an exception for "late discovered claims," which includes claims asserted by claimants who "could not [have timely] file[d] their claim because it did not come into existence until after the bar date." Heno v. FDIC, 20 F.3d 1204, 1207 (1st Cir. 1994). These late discovered claims must still be presented to the receiver

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-4929-CAS (PJWx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | ELIZABETH TOYER, ET AL. V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

pursuant to the administrative claims process or a jurisdictional bar will apply. 12 U.S.C. § 1821(d)(5)(C)(ii).

Furthermore, this administrative claims process is the exclusive remedy for claims against insolvent banks. Section 1821(d)(13)(D), "Limitation on Judicial Review," provides that:

> Except as otherwise provided in this subsection, *no court shall have jurisdiction over*: (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or (ii) any claim relating to any act or omission *of such institution* or *the Corporation* as receiver.

Id. (emphases added); see McCarthy, 348 F.3d at 1078 ("The phrase 'except as otherwise provided in this subsection' refers to a provision that allows jurisdiction after the administrative claims process has been completed.") Therefore, a claimant "must complete the claims process before seeking judicial review" because otherwise no court has jurisdiction to hear the claim. Henderson, 986 F.2d at 321 (9th Cir. 1993); see F.D.I.C. v. Kane, 148 F.3d 36, 38 (1st Cir. 1998) ("The failure to participate in the administrative process constitutes a failure to exhaust one's administrative remedies, and thus, is a bar to judicial review.").

### III. ANALYSIS

Based on the foregoing legal principles, the Court concludes that it lacks subject matter jurisdiction over the instant case. The time for claim presentation has long since passed, as plaintiffs' claims arise out of an allegedly fraudulent loan agreement they entered into with WaMu in 2006. Dkt. No. 1, SAC ¶¶ 12–15. For this reason, it is clear that plaintiffs' cannot avail themselves of the exception for late discovered claims, see Heno, 20 F.3d at 1207; plaintiffs' claims clearly came into existence before the December

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV12-4929-CAS (PJWx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | ELIZABETH TOYER, ET AL. V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

30, 2008 "bar date," see Declaration of Lewis Nelson ¶ 3 and Ex. A.[1] Because plaintiffs do not allege that they submitted their claims to FDIC-Receiver at any time, the Court is without subject matter jurisdiction over plaintiffs' claims asserted against FDIC-Receiver—plaintiffs have failed to plead exhaustion of their administrative remedies. 12 U.S.C. § 1821(d)(13)(D); see Benson, 673 F.3d at 1215.

     Even after FDIC-Receiver's dismissal from this case, the Court has subject matter jurisdiction by virtue of FDIC-Receiver's inclusion as a defendant in this action, however briefly. See Brockman v. Merabank, 40 F.3d 1013, 1018 n. 2 (9th Cir. 1994); Executive Software v. United States Dist. Court, 24 F.3d 1545, 1562 (9th Cir.1994). However, the only claims remaining in this action are state law claims against the non-FDIC defendants. Because the Court has "dismissed all claims over which it has original jurisdiction," 28 U.S.C. 1367(c)(3), the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims. This decision is "purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims[.]") (citations and alterations omitted). Declining supplemental jurisdiction is particularly appropriate in this case, where plaintiffs' claims have already been pending in state court for nearly two years.

## IV. CONCLUSION

     In accordance with the foregoing, the Court GRANTS defendant FDIC-Receiver's motion to dismiss for lack of subject matter jurisdiction. In addition, the Court declines

---

[1] In addition, FDIC-Receiver provided notice of the claims process and procedures by publication, as required by law. See Declaration of Lewis Nelson ¶¶ 6–8 and Ex. B. Since plaintiffs had not filed any claims against WaMu before it failed, the FDIC was not required to provide them notice by mail, but only via publication.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-4929-CAS (PJWx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | ELIZABETH TOYER, ET AL. V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

to exercise supplemental jurisdiction over plaintiffs' remaining claims and therefore REMANDS this case to the Ventura County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |